UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC MICHAEL PAUL FEZZEY,

        Petitioner,

v.

THOMAS WINN,

        Respondent.
                              /

Case No. 2:18-cv-12155

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

In July 2018, Michigan prisoner Isaac Michael Paul Fezzey ("Fezzey") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. A Kent County Circuit Court jury convicted Fezzey of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b); armed robbery, Mich. Comp. Laws § 750.529; first-degree home invasion, Mich. Comp. Laws § 750.110a(2); unlawful imprisonment, Mich. Comp. Laws § 750.349b; assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.

In 2015, he was sentenced to concurrent terms of life imprisonment without parole on the murder conviction, 15 to 60 years' imprisonment on the armed robbery conviction, 7 to 20 years' imprisonment on the home invasion conviction, 5 to 15 years' imprisonment on the unlawful imprisonment conviction, 5 to 10 years' imprisonment on the assault conviction, and a consecutive term of 2 years' imprisonment on the felony firearm conviction.

**BACKGROUND**

In his pro se petition, Fezzey raises the following claims: (1) an ineffective-assistance-of-counsel claim based on his attorney's failure to suppress damaging statements that Fezzey gave after allegedly invoking his Fifth Amendment right to counsel during a custodial interrogation; (2) an error during jury selection when the prosecutor presented a hypothetical that allegedly misstated the elements of felony murder, which improperly diminished the prosecutor's burden, resulted in plain error, prosecutorial error, or ineffective assistance of counsel, deprived Fezzey of a fair trial, and that was not corrected by a jury instruction; and (3) whether Fezzey acted with specific intent as a principal or aider and abettor in light of his autistic disorder. ECF 1, PgID 7–8.

Upon reviewing the petition, the Court concludes that Fezzey did not properly exhaust his state court remedies for his third claim and thus will dismiss without prejudice the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

**PROCEDURAL HISTORY**

Following his convictions and sentencing, Fezzey filed an appeal of right with the Michigan Court of Appeals raising several claims of error, including the substance of his first two habeas claims. The Michigan Court of Appeals denied relief on those claims and affirmed Fezzey's convictions and sentences. *People v. Fezzey*, No. 329361, 2016 WL 7493865 (Mich. Ct. App. Dec. 27, 2016) (unpublished). Fezzey then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Fezzey*, 500 Mich. 1060 (2017). Next, Fezzey dated his federal habeas petition on June 18, 2018.

**DISCUSSION**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise in state court each issue he seeks to present in a federal habeas proceeding.

The prisoner must fairly present the claims to the state courts, which means he must assert both the factual and legal bases for the claims. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Further, the prisoner must present the claims in state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Finally, the prisoner must present each issue to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Fezzey has not met his burden of demonstrating exhaustion of state court remedies. He did not present his third habeas claim to the Michigan Court of Appeals. It is unclear whether he raised it before the Michigan Supreme Court. Nonetheless, first presenting a claim the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Hickey v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017). Fezzey has thus failed to properly exhaust

3

one of his three habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court dismisses a "mixed" habeas petition—one containing both exhausted and unexhausted claims—"leaving the prisoner with the choice of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although strictly enforced, the exhaustion requirement is not a jurisdictional prerequisite for bringing a habeas petition. *See, e.g., Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity, *see Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). *See also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

In limited circumstances, however, a federal district court may stay a mixed-habeas petition to allow the petitioner to present his unexhausted claims to the state courts and then return to federal court. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Sufficient limited circumstances include the tolling of the one-year statute of limitations or when the petitioner demonstrates "good cause" for his failure to exhaust and the unexhausted claims are not "plainly meritless." *Id.* at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed

the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases when the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moore v. Hofbauer*, No. 07-10687, 2007 WL 3173968, *2–3 (E.D. Mich. Oct. 16, 2007).

Michigan courts present Fezzey with available remedies. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 raising his unexhausted claim with the state trial court and then pursue the claim in the state appellate courts as necessary.

Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Fezzey so long as he pursues his state court remedies promptly. The one-year period did not begin to run until 90 days after the conclusion of direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007), on or about October 23, 2017. The one-year period then ran until June 18, 2018 when Fezzey dated his federal habeas petition for mailing by prison officials.

Consequently, just under eight months of the one-year period had expired when Fezzey filed his habeas petition. Although the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See,*

*e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088–89 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2). Given that more than four months of the one-year period remain, Fezzey has ample time in which to fully exhaust all of his claims in the state courts and return to federal court on a perfected petition should he wish to do so. A stay is unnecessary.

Moreover, a stay would be inappropriate. Although there is no evidence of intentional delay, Fezzey has not shown good cause for failing to properly exhaust all of his claims in the state courts before seeking federal habeas relief. Defense counsel's failure to raise Fezzey's unexhausted claim at trial or on direct appeal might establish cause for any procedural default, but that failure does not excuse Fezzey's failure to exhaust the claim on state collateral review before proceeding in federal court. Lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Fezzey's unexhausted claim potentially concerns a matter of federal law and does not appear to be plainly meritless. Fezzey must present the claim to the state courts in the first instance.

## CONCLUSION

Based on the foregoing, the Court will dismiss Fezzey's petition because his habeas petition contains both unexhausted and exhausted claims. Should Fezzey wish to delete the unexhausted claim and proceed only on the fully exhausted claims, he may move to re-open his case and amend his petition to proceed only on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Fezzey may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court will deny a certificate of appealability and leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 19, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 19, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager